**ENTERED PURSUANT TO ADMINISTRATIVE ORDER NO. 19-03.**
**JOSIAH C. SELL, CLERK OF BANKRUPTCY COURT**

**BY: /s/ Stephanie Pete**
**Deputy Clerk**

**Dated: 12:38 PM October 30 2020**

**THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 PROCEEDING |
| Christine A. Cantrell | ) | ORDER CONFIRMING PLAN |
| 375 N. Revere Road<br>Fairlawn, OH 44333 | ) | CASE NO. 20-50683 |
| | ) | JUDGE Alan M. Koschik |

-----------------------------------------------------------------------------------------------

Pursuant to 11 USC § 1324, the above-captioned Debtor(s)' most-recently filed or amended Chapter 13 plan (the "Plan") was scheduled for a confirmation hearing before the Court. All parties entitled to notice of the confirmation hearing pursuant to Bankruptcy Rule 2002 were given due notice. All objections to confirmation have been resolved, either by an amended Plan acceptable to the objecting party or an order of the United States Bankruptcy Court (the "Court").

The Chapter 13 Trustee (the "Trustee") has reviewed the Plan for compliance with 11 USC § 1325. Based on that review, the Trustee has recommended confirmation of the Plan.

Pursuant to 11 USC § 1325(b)(4) and the Debtor's Chapter 13 Statement of their Current Monthly Income and Calculation of Commitment Period, the minimum number of months in the Debtor(s)'s Applicable Commitment Period for the Plan is: 60.

**Confirmation of the Plan**

1) The Plan complies with the applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").
2) The Plan is hereby confirmed pursuant to 11 U.S.C. § 1325.
3) The Plan is incorporated into this order confirming plan ("OCP") as if fully rewritten herein, provided, however, that any inconsistencies between the Plan and this OCP shall be resolved in favor of this OCP.
4) All creditors, including without limitation (i) secured creditors, and (ii) unsecured creditors asserting priority claims pursuant to 11 U.S.C. § 507(a), seeking to be paid under the Plan must timely file a proof

of claim pursuant to Bankruptcy Rule 3002, or have a proof of claim filed on their behalf by the Debtor or the Trustee pursuant to Bankruptcy Rule 3004, for their claim to be deemed allowed. Allowed secured claims will be paid as provided by Sections 3.1, 3.2, and 3.3 of the Plan. A proof of claim is also necessary for holders of secured claims to provide the Trustee correct account numbers and mailing addresses and to ensure correct payment of any asserted arrearage claims, mortgage installment payments, unsecured deficiency claims, and all claims not subject to bifurcation under 11 U.S.C. § 506. Bifurcation of undersecured claims into secured and unsecured claims shall be determined pursuant to this Order and the Debtor's confirmed plan pursuant to Bankruptcy Rule 3015 (g)(1).

5) Holders of secured claims on either real or personal property of the Debtor (s) do not need to seek relief from the automatic stay pursuant to Bankruptcy Code Section 362 for the limited purpose of supplying the Debtor(s) coupon books, notice of a change in address of the creditor, notice of a change in servicing agent for the creditor, annual 1098 tax information, and all other information that provides the Debtor(s) an accounting of payments paid both by the Debtor(s) directly and by the Trustee.

6) Legal fees for Debtor(s) attorney shall be governed by the Court's Administrative Order 12-3 which is incorporated herein as if fully rewritten. Initial Attorney Fees will be allowed in the amount of: $4000.00.

7) If the Plan requires the Debtor(s) mortgage payments ("Conduit Payment") to be made by the Trustee from a portion of the Debtor's Chapter 13 Plan payment, the Plan is deemed to incorporate the Court's Administrative Order 16-01.

8) Copies of all Administrative Orders regarding Chapter 13 Plans in cases pending before the Court in Akron, Ohio can be found on the Court's web site at www.ohnb.uscourts.gov or the Chapter 13 Trustee's web site at www.chapter13info.com.

**Property of the Estate, Vesting of Property and Surrendered Property**

9) The property of this bankruptcy estate shall consist of all items listed in Bankruptcy Code Sections 541 and 1306, including, but not limited to all post-petition assets and income acquired by the Debtor (s).

10) Any property of the estate acquired after the commencement of the case and not reported to the Trustee, as well as any property of the estate held by the Debtor (s) on the petition date and not scheduled in accordance with Bankruptcy Rule 1007(h), shall remain property of the estate and will not vest in the Debtor(s) upon confirmation pursuant to 11 USC § 1327(b).

11) All property owned by the Debtor(s) pre-petition that is properly disclosed on the petition schedules shall remain in possession of the Debtor(s) and shall vest in the Debtor(s) upon confirmation. Creditors, as that term is defined in Bankruptcy Code Section 101, may not proceed against such property without obtaining relief from the automatic stay from the Court pursuant to 11 USC §362 (d).

12) If the Plan provides for the surrender of any real or personal property, upon confirmation the creditor holding the lien on the surrendered property and to which the property is to be surrendered is hereby granted relief from stay pursuant to 11 USC §362(d) with respect to the surrendered property only. Unless the Court orders otherwise, creditors with liens on the surrendered property and who filed a timely proof of claim shall have one year from the date of this order of confirmation to file an unsecured deficiency claim. If a creditor seeks to file an unsecured deficiency claim after one year, the creditor must obtain leave of the Court.

**Plan Payments**

13) Unless the Court orders otherwise, the Debtor(s) are required to make their plan payment in the amount specified in their Plan to the Trustee each month pursuant to 11 USC § 1326.

14) Further the Debtor(s) are required to devote all future disposable income into the Plan as required by 11 USC §§1322(a)(1), 1325 (b)(1)(B), and 1329(b)(1).

15) Debtor(s) who are regularly employed must make their Plan payments by payroll deduction unless the Court has authorized direct payments.

16) Debtor(s) who are self-employed or who have other sources of income must make their plan payment by money order or certified check by the 20th of each month. An online payment option is available on the Trustee's web site at www.chapter13info.com.

17) Should the Court approve a temporary suspension in Plan payments, those suspended payments must be caught up before the Debtor(s) can complete the Plan. All creditors entitled to interest on their claims shall continue to accrue interest during any period of payment suspension.
If the Plan provides for conduit mortgage payments, the Debtor(s) shall not suspend their payments to an amount which is lower than an amount necessary for the conduit mortgage payment.

**Responsibility of Debtor(s) in Incurring New Debt, Selling Property, Maintaining Insurance, Payment of Taxes, and Turnover of Tax Refunds to the Trustee**

18) The Debtor(s) must give notice of any change of address to Debtor(s) attorney, the Trustee, and the Clerk of the U.S. Bankruptcy Court.

19) Debtor(s) shall not incur additional debt exceeding $1,000 (one thousand dollars), cumulatively over the life of the Plan without approval from the Court.

20) Pursuant to Bankruptcy Code § 521(a)(3) and (a)(4) and Bankruptcy Rule 4002(a)(3) and (a)(4), the Debtor(s) is under a continuing obligation to cooperate with the Trustee and disclose all income and assets.

21) The Debtor(s) shall not transfer any interest in real property without approval from the Court.

22) The Debtor(s) shall not transfer any interest in personal property valued at $1,500 (one thousand five hundred dollars) or more without approval from the Court.

23) If the Debtor(s) seeks to refinance real estate, the Debtor(s) is under an on-going obligation to consult with Debtor(s) attorney before completing said refinancing. Refinancing must be reviewed by the Trustee and approved by the Court.

24) If the Debtor(s) seeks to modify their mortgage, the modification is subject to Administrative Order 10-01. The Debtor(s) is under an on-going obligation to consult with their attorney before completing a mortgage modification. Modifications must be reviewed by the Trustee and approved by the Court.

25) If the Plan is a conduit mortgage plan and the Debtor(s) modifies the mortgage, the Trustee shall treat the modification order as a notice of a change in the monthly mortgage payment amount. The Plan shall remain a conduit mortgage plan after a modification and the new mortgage amount shall be paid by the Trustee.

26) If the Debtor(s) is permitted, by Court order or otherwise pursuant to Administrative Order 16-01, to make mortgage payments directly to the mortgage creditor instead of conduit payments made via the Trustee, the Debtor(s) is required to make those payments on a timely basis.

27) The Debtor(s) is under a continuing obligation to maintain insurance all on real property during the Plan. Furthermore, the Debtor(s) is under a continuing obligation to maintain minimum automobile liability coverage required by Ohio law during the Plan.

28) Debtor(s) who are self-employed and who earn income as a sole proprietor, a shareholder or member of an incorporated entity, owner of rental properties, or otherwise, are required to supply updated financial information concerning the business enterprise from which the Debtor(s) derive their income as requested by the Trustee.

29) The Debtor(s) is under a continuing obligation during the Plan to pay all applicable taxes as such taxes become due, including, but not limited to, (a) income taxes to federal, state, and local taxing authorities, (b) local property taxes, and (c) sales and payroll taxes for which the Debtor(s) is personally responsible. The Debtor(s) must timely file all post-petition tax returns. Upon request of the Trustee, the Debtor(s) must supply copies of tax returns to the Trustee during the Plan.

30) Pursuant to In re Freeman, 86 F.3d 478 (6th Cir. 1996), all non-exempt tax refunds are property of the estate.

31) Non-exempt tax refunds, which excludes Earned Income Tax Credits and child and dependent care credits, in excess of $1,500 must be paid to the Trustee, for the benefit of creditors, for distribution according to the Plan. The Debtor(s) may make application to the Trustee and the Court if the Debtor(s) has a compelling reason to retain tax refunds in excess of $1,500.

**Order of Distribution**

32) After payment of the Trustee's authorized percentage fee and/or administrative expenses pursuant to 28 USC §586, funds shall be distributed by the Trustee as follows: (i) conduit mortgage payments on the Debtor(s) primary residence pursuant to Administrative Order 16-1; (ii) conduit mortgage payments on real property other than the Debtor(s) primary residence pursuant to Administrative Order 16-1; (iii) attorney fees as allowed under applicable rules and guidelines pursuant to Administrative Order 12-3; (iv) fixed monthly payments on allowed secured claims pursuant to the Plan; (v) administrative expense claims approved by Court order; (vi) all other allowed secured claims provided for by the Plan, *pro rata;* (vii) priority domestic support obligation claims pursuant to 11 USC §507(a)(1), *pro rata*; (viii) other priority unsecured claims pursuant to 11 U.S.C. §507(a), *pro rata*; and (ix) general non-priority unsecured claims, *pro rata*.

33) If the Trustee has received insufficient funds from the Debtor(s) to make the required monthly payment(s) to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution.

34) Should the Debtor(s) Plan payments result in payment(s) to priority unsecured creditors and non-priority unsecured creditors while leaving a balance owing to secured creditors, the Trustee is authorized to override the fixed monthly payment amounts in the Plan to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors prior to payment to priority unsecured creditors and non-priority unsecured creditors.

**Administration of Case by the Trustee**

35) Pursuant to Bankruptcy Code §1302(b)(4), the Trustee is authorized and permitted to send notices, plan balances and other general information concerning the administration of the Plan directly to the Debtor(s).

36) The Trustee is authorized to charge the usual and customary administrative fee pursuant to 28 USC §586 on all receipts paid into the plan until the case is discharged, converted, or dismissed.

37) Unless the Court orders otherwise, the Trustee shall pay allowed claims pursuant to the Plan and this OCP.

38) The Trustee is authorized to adjust the percentage dividend to non-priority unsecured creditors or base dollar amount to non-priority unsecured creditors if funds other than the scheduled plan payments are received by the Trustee unless the Court has ordered the funds distributed to secured or priority creditors. This can include, but is not limited to, the turnover of tax refunds, property sales, inheritance, or bonuses while the Chapter 13 Plan is pending.

39) The Trustee is authorized to adjust the percentage dividend to non-priority unsecured creditors or base dollar amount to non-priority unsecured creditors if any creditor returns funds to the Trustee for any reason. The returned funds will be distributed to the remaining non-priority unsecured creditors.

40) The Trustee is authorized to adjust the percentage dividend to non-priority unsecured creditors or base dollar amount to non-priority unsecured creditors if the amount of allowed non-priority unsecured claims filed by the claims bar date is different than the amount that was anticipated by the Debtor(s) in the Plan; *provided, however,* that the dividend may not exceed 100 percent of the allowed non-priority unsecured claims.

41) Unless the Court orders otherwise, the Trustee is authorized to adjust the percentage dividend to non-priority unsecured creditors or base dollar amount to non-priority unsecured creditors in order for the Debtor(s) plan to account for the Debtor(s)' full applicable commitment period.

42) The Trustee is not authorized to change the amount of the Plan payments unless the Trustee has filed a motion to modify the Plan, with notice to the Debtor(s) and Debtor(s)'s attorney, and the Court approves the motion.

43) At the conclusion of this case the Trustee shall return all excess funds to the Debtor(s). If a joint case and the Debtor(s) have different addresses, unless the Court orders otherwise, the Trustee shall divide the funds equally between the parties and send each Debtor(s) their share of any remaining funds.

44) If the Trustee has funds on hand and this case is either dismissed or converted to another chapter of the Bankruptcy Code, the Trustee shall return all funds on hand directly to the Debtor(s), unless otherwise ordered by the Court.

###

Approved:

/s/ Keith L. Rucinski
Keith L. Rucinski, Esquire
Chapter 13 Trustee
One Cascade Plaza. #2020
Akron, OH 44308
Phone: 330-762-6335
Fax: 330-762-7072

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | Christine A. Cantrell | |
| | First Name / Middle Name / Last Name | |
| Debtor 2 (Spouse, if filing) | | |
| | First Name / Middle Name / Last Name | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF OHIO | |
| Case number: (If known) | 20-50683 | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

**12/17**

## Part 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| **1.1** | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ **Included** | ☑ **Not Included** |
| **1.2** | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ **Included** | ☑ **Not Included** |
| **1.3** | **Nonstandard provisions, set out in Part 8.** | ☑ **Included** | ☐ **Not Included** |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

**$561.00** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.


Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows:
**See confirmation order.**

**2.4 Additional payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $33,660.00.**

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Kia Motor Finance** | **2020 Kia Rio 1000 miles** | **$23,106.60** | **5.25%** | **$521.91**<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | **$26,617.43** |

*Insert additional claims as needed.*

**3.4 Lien avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims



Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **5.20**% of plan payments; and during the plan term, they are estimated to total $**1,750.20**.

**4.3 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**3,900.00**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $ .
☐ _____% of the total amount of these claims, an estimated payment of $_____.
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*

☑ plan confirmation.
☐ entry of discharge.



Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

☐ other: ______

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

**Student loans will not be paid inside plan.**

## Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

*X* **/s/ Christine A. Cantrell**
**Christine A. Cantrell**
Signature of Debtor 1

Executed on **July 7, 2020**

*X* ______
Signature of Debtor 2

Executed on ______

*X* **/s/ Denise M. Leskovec**
**Denise M. Leskovec**
Signature of Attorney for Debtor(s)

Date **July 7, 2020**

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**



Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $26,617.43 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $5,650.20 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $1,392.37 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $33,660.00 |



Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 13 |
| | ) | |
| | ) | CASE NO. 20-50683 |
| Christine Cantrell | ) | |
| | ) | JUDGE ALAN KOSCHIK |
| | ) | |
| Debtor | ) | **NOTICE OF SERVICE** |

*************************************************************************

Notice is hereby given that the Amended Chapter 13 Plan has been served upon the following:

Keith Rucinski, Trustee
1 Cascade Plaze Suite 2020
Akron, Ohio 44308

/s/ Denise M. Leskovec
Denise M. Leskovec (0077440)
Rauser & Associates
1 Cascade Plaza Suite 1410
Akron, OH 44308
Telephone: (330) 253-8600
Facsimile: (330) 253-8688
Attorney for Debtor
dleskovec@ohiolegalclinic.com

**CERTIFICATE OF SERVICE**

I certify that on July 7, 2020, a true and correct copy of Debtor's Amended Plan was served:
Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

**Joel K. Jensen nohbk@lsrlaw.com**
**Denise M. Leskovec dleskovec@ohiolegalclinic.com, rauserandassociates@gmail.com;rauserakron@gmail.com;nkrenisky@ohiolegalclinic.com;rausermail@ohiolegalclinic.com;rauser@bestclientinc.com;rauserecfmail@gmail.com;Rauser_BestClient@mail.com;rausercanton@gmail.com**
**Keith Rucinski efilings@ch13akron.com**
**United States Trustee (Registered address)@usdoj.gov**

And via regular mail on:

Citicards CBNA
P.O. Box 6241
Sioux Falls, SD 57117-6241

Cleveland Clinic Physicians
P.O. Box 3269
Sherman, TX 75091

Comenity Bank
Bankruptcy Dept.
P.O. Box 182125
Columbus, OH 43218-2125

Discover
P.O. Box 6103
Carol Stream, IL 60197

Kia Motor Finance
P.O. Box 660891
Dallas, TX 75266

Kohl's
P.O. Box 3115
Milwaukee, WI 53201

Synchrony Bank
P.O. Box 960061

Orlando, FL 32896-0061

THD/CBNA
PO Box 6497
Sioux Falls, SD 57117

US Dept of Education
2401 International
Madison, WI 53704

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

/s/ Denise M. Leskovec
Denise M. Leskovec (0077440)